IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTHUR F. HOLDEN,                        No. C 11-05799 YGR (PR)

         Petitioner,                    **ORDER OF DISMISSAL**

   vs.

MARTINEZ JAIL,

         Respondent.
_____/

       Petitioner filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. He admits that at the time he filed this petition, he had a "petition, appeal or other post-conviction proceeding" pending in state court. (Pet. at 5.) Thus, he admits that he did not exhaust his state remedies before filing this petition.

       Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Id.* at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

       Because Petitioner states that he has a "petition, appeal or other post-conviction proceeding" still pending before state court, it appears that any claim he might be attempting to bring before this Court would be unexhausted. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Therefore, his present petition is unexhausted for purposes of federal habeas corpus review and must be DISMISSED. This dismissal is without prejudice to Petitioner exhausting his state remedies and then filing a new federal habeas corpus petition. Should he do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded. The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

In the petition, Petitioner also alleges that his constitutional rights were violated by Martinez County Jail "staff," who "beat [him] up 3 time[s]." (Pet. at 6.) A federal civil rights claim under 42 U.S.C. § 1983, rather than a federal habeas petition, is the proper way to raise such claims. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Court DISMISSES Petitioner's aforementioned civil rights claims without prejudice to raising them in a 42 U.S.C. § 1983 complaint filed in a new civil rights action. If Petitioner chooses to file such a complaint, he is particularly directed to name as defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no *respondeat superior* liability under § 1983, i.e., no liability under the theory that a supervisor is responsible for the actions or omissions of his or her subordinate. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). The Court further notes that the filing fee for a civil rights action is $350.00.

## **CONCLUSION**

For the reasons outlined above, the present petition is DISMISSED. The dismissal is without prejudice to Petitioner (1) exhausting his state remedies and then filing a new federal habeas corpus petition; and (2) raising his civil rights claims in a 42 U.S.C. § 1983 complaint filed in a new civil rights action.

Leave to proceed *in forma pauperis* is GRANTED (docket no. 4). The Clerk of the Court shall enter judgment, terminate any pending motions, and close the file.

1   The Clerk shall also send Petitioner a blank civil rights form and the Court's prisoner IFP
2   application form along with his copy of this Order.
3   IT IS SO ORDERED.
4   DATED: Feb 14, 2012

_____
**Yvonne Gonzalez Rogers**
**United States District Court Judge**